UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:12-cv-2249 DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| RON BARNES et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Abbott's motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). Plaintiff has opposed the motion, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on his original complaint in this action. After granting plaintiff's application to proceed in forma pauperis, the court screened plaintiff's complaint and found that it appeared to state a cognizable claim for excessive use of force and retaliation against defendant Abbott. Specifically, in his complaint pending before the court plaintiff alleges as follows. Plaintiff was outside the chow hall when he told defendant Abbott that he needed to go and get his medication. Defendant Abbott then started violently searching him. During the search, defendant Abbott pushed and shoved plaintiff, kicked plaintiff's leg, which was in an air cast, and

1

groped and squeezed plaintiff's genitals. Defendant Abbott also told plaintiff that he was conducting the search due to the paperwork that plaintiff had filed against the defendant's fellow correctional officers. (Doc. Nos. 1 & 8.)

## ANALYSIS

In defendant Abbott's motion to revoke plaintiff's IFP status, defense counsel argues that courts have previously dismissed three or more of plaintiff's civil actions or appeals as frivolous, malicious, or for failure to state a claim. (Defs.' Mot. at 3-10.) For the reasons set forth below, the undersigned disagrees and finds that defendant Abbott has not met the burden of establishing that plaintiff has accrued three strikes prior to the filing of this action.

I. Legal Standards Applicable Under 28 U.S.C. § 1915(g)

"The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed in forma pauperis." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). See also Silva v. Vittorio, 658 F.3d 1090, 1097, n. 3 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). The Ninth Circuit has cautioned that when called upon to determine whether a prior dismissal qualifies as a strike, a subsequent court must be mindful of the following:

> Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim . . . .
>
> [U]nder the plain language of § 1915(g), [ ] prior dismissals [ ] qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determine[s] that they ha[ve] been dismissed because they were frivolous, malicious or failed to state a claim. See § 1915(g).

Andrews, 398 F.3d at 1121. See also Knapp, 738 F.3d at 1109.

In addition, in interpreting § 1915(g) the Ninth Circuit has observed:

> [T]he legislative history of the PLRA also supports our reading of the statute. While it is clear that Congress enacted § 1915(g) to curb frivolous prisoner complaints and appeals, see Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) ("The PLRA filing fee provisions were enacted to deter the large number of frivolous

2

> inmate lawsuits that were 'clogging' the federal courts and 'draining' limited judicial resources"), the PLRA's reforms were "designed to filter out the bad claims and facilitate consideration of the good." Jones, 549 U.S. at 204, 127 S. Ct. 910. "Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors." Adepegba, 103 F.3d at 388; see also Jennings, 175 F.3d at 780. Thus, our reading of the statute "not only respects Congress' intent to curb meritless lawsuits, but ensures that meritorious lawsuits are not swept away in the process." See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting 141 Cong. Rec. S146110–01, S14267 (daily ed. Sept. 29, 1995)) ("As chief sponsor of the PLRA, Senate Judiciary Committee Chairman Orrin Hatch made the following statement: 'I do not want to prevent inmates from raising legitimate claims. This legislation will not prevent those claims from being raised.' ").

Silva, 658 F.3d at 1099-1100.

The undersigned notes that a myriad of issues surrounding the determination of which dismissals count as a strike under §1915(g) has, of late, consumed considerable judicial resources in both the trial and appellate courts. Perhaps in part influenced by this fact, the undersigned is persuaded by a recent decision of the Third Circuit Court of Appeals in which that appellate court concluded:

> [W]e are ultimately persuaded that the PLRA's purpose is best served by taking an approach that does not open the door to more litigation surrounding § 1915(g). Thus, we adopt the following rule: a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.
>
> Applying this rule, we must now decide whether the dismissal of Byrd's appeal in Byrd v. Gillis under § 1915(e)(2)(B) because it was "without merit" constitutes a strike. The dismissal is not encompassed by the first category of our adopted rule. The terms "frivolous," "malicious," or "fails to state a claim" were not used to dismiss the appeal in its entirety. Although we have often associated the term "without merit" with the term "frivolous," we cannot say that these terms have the exact same meaning. Regardless, the first category of our new rule requires that the terms "frivolous," "malicious," or "fails to state a claim" be explicitly stated for the dismissal to constitute a strike.

Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) (emphasis added). See also Ball v. Famiglio,

3

726 F.3d 448, 463 (3rd Cir. 2013) (same); Keeton v. Cox, No. CIV S-06-1094 GEB KJM, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("Neither of these underlying orders suggested that the action was finally terminated because it was frivolous, malicious or failed to state a claim; rather, the orders found the pleading deficits might be ameliorated.").

II. Discussion

With the above principles in mind, the court now turns to the three lawsuits previously filed by plaintiff which defense counsel characterizes as "strikes" in the pending motion to revoke plaintiff's IFP status.[1]

- **Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.) ("Kramer I"), Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.) ("Kramer II") & Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.) ("Gray")**

In Kramer I, the assigned Magistrate Judge dismissed plaintiff's original complaint and his putative amended complaint and granted plaintiff leave to file a second amended complaint within thirty days. The Magistrate Judge warned plaintiff that his failure to file a second amended complaint would result in a recommendation that the action be dismissed. After plaintiff failed to file a second amended complaint, the Magistrate Judge issued findings and recommendations, recommending dismissal of the action without prejudice. On December 22, 2008, the assigned District Judge adopted those findings and recommendations in full and dismissed the action without prejudice. (Def.'s Mot. Ex. A.)

In Kramer II, the assigned Magistrate Judge dismissed plaintiff's original complaint and granted plaintiff leave to file an amended complaint within thirty days. The Magistrate Judge warned plaintiff that failure to file an amended complaint would result in a recommendation that the action be dismissed. After plaintiff failed to file an amended complaint, the Magistrate Judge issued findings and recommendations, recommending dismissal of the action without prejudice.

/////

---

[1] Defendants have filed a request for judicial notice of their exhibits, which consist of copies of docket sheets from plaintiff's previously-filed cases, court findings and recommendations, and court orders. Pursuant to Federal Rule of Evidence 201, the court will grant defendant's request.

4

On August 30, 2007, the assigned District Judge adopted those findings and recommendations in full and dismissed the action without prejudice. (Def.'s Mot. Ex. B.)

In Gray, the assigned Magistrate Judge dismissed plaintiff's original complaint with leave to file an amended complaint within thirty days. The Magistrate Judge warned plaintiff that failure to file an amended complaint would result in a recommendation that the action be dismissed. After plaintiff failed to file an amended complaint, the Magistrate Judge issued findings and recommendations, recommending dismissal of the action without prejudice. On July 5, 2007, the assigned District Judge adopted those findings and recommendations in full and dismissed the action without prejudice. (Def.'s Mot. Ex. C.)

This court recently held in one of plaintiff's other pending cases that "[d]ismissal for failure to file an amended complaint, or failure to prosecute, is not a 'strike' because it does not fall within the plain language of 28 U.S.C. §1915(g)." Bontemps v. C/O Callison, No. 2:13-cv-0360 KJM AC P, 2014 WL 996964 at *1 (E.D. Cal. Mar. 12, 2014)). See also id., 2014 WL 2002419 at *2-*4 (E.D. Cal. May 15, 2014) (denying defendant's motion for reconsideration). In that case, the defendants brought a motion to revoke plaintiff's IFP status because he had purportedly incurred three or more strikes under § 1915(g) prior to filing the lawsuit in question there. See Bontemps, 2013 WL 6065309 at *2. The assigned Magistrate Judge found that four of plaintiff's previously-filed cases, including Kramer I, Kramer II, and Gray constituted strikes and recommended granting defendants' motion to revoke plaintiff's IFP status. See id. at *2-*4.

Disagreeing, and declining to adopt the Magistrate Judge's findings and recommendations, the assigned District Judge's order made clear that "[f]ailure to prosecute is not 'frivolous,' 'malicious,' or a failure to state a claim. It is a disposition without regard to the merits of a claim." Bontemps, 2014 WL 996964 at *1 (citing Butler v. Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) (concluding that a dismissal for failure to prosecute is not a dismissal as frivolous, malicious or for failure to state a claim and therefore cannot be counted as a strike

/////

/////

/////

5

under §1915(g))).[2]  See also Hafed v. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011) (dismissal due to a plaintiff's failure to prosecute by not filing an amended complaint is not a qualifying ground for a strike under § 1915(g)); Keeton v. Cox, No. CIV S-06-1094 GEB KJM P, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.").  But see Ruff v. Ramirez, Civil No. 07-0962 JLS (CAB), 2007 WL 4208286, at *5 (S.D. Cal. Nov. 28, 2007) (dismissal for failure to prosecute was a strike under § 1915(g) where an earlier dismissal with leave to amend was based on a finding a frivolousness, pursuant to a theory that the case could not have proceeded had it not been for the initial dismissal for frivolousness).

As defense counsel acknowledges in the pending motion to revoke plaintiff's IFP status, the court dismissed Kramer I, Kramer II, and Gray after plaintiff failed to file an amended complaint.  Consistent with the court's ruling in plaintiff's other pending case and the authorities cited above, the undersigned finds that the dismissals in Kramer I, Kramer II, and Gray for failure to prosecute do constitute strikes for purposes of § 1915(g).[3]

- **Additional Cases Brought By Plaintiff**

In addition to plaintiff's three prior lawsuits discussed above, defense counsel contends that courts dismissed at least thirteen of plaintiff's previously-filed lawsuits before he filed this civil action.  In the interest of economy, defense counsel has included as exhibits copies of the

/////

---

[2] This court has also recently determined in yet another one of plaintiff's pending cases that the dismissal in Kramer I does not constitute a strike under Knapp because the court dismissed plaintiff's complaint in Kramer I for failure to prosecute rather than for repeated disobedience of Rule 8 of the Federal Rules of Civil Procedure.  See Bontemps v. Salinas, No. 2:12-cv-2185 TLN AC P, 2014 WL 1513963 at *3 (E.D. Cal. Apr. 11, 2014), adopted by 2014 WL 2003697 (E.D. Cal. May 14, 2014).

[3] The undersigned is confident that if any of plaintiff's civil actions currently pending before this court are determined to be frivolous, malicious, or to fail to state a claim, the assigned judges will so state in their orders of dismissal.

docket sheets from those other cases and has encouraged this court to review the disposition of those cases to determine whether they may constitute strikes.

As the undersigned stated at the outset above, it is the defendant who has the burden of demonstrating that a plaintiff has accrued three strikes. See Knapp, 738 F.3d at 1110. The docket sheets defendant has submitted here are not sufficient to carry that burden. Indeed, the Ninth Circuit has warned in this very context that reliance upon the summary entries on a docket sheet may well be misplaced, cautioning that:

> [I]n many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious, or fail[ed] to state a claim."

Andrews, 398 F.3d at 1120. See also Cohen v. Corrections Corporation of America, No. 4:05 CV 1986, 2009 WL 3259124, at * 2 (N.D. Ohio July 7, 2009) ("The tactic of barraging the court with dockets will only be successful . . . 'if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim.'") (quoting Andrews, 398 F.3d at 1121).

Finally, defense counsel argues that if this court determines that plaintiff has not accrued three strikes, the court should exercise its discretion and revoke plaintiff's IFP status because he is an "abusive filer." Defense counsel contends that in the last nineteen years, plaintiff has filed thirty-one federal prisoner civil rights actions, including thirteen that are being litigated concurrently with this action. Defense counsel notes that plaintiff has yet to prevail on a single action that he has filed. Counsel contends that plaintiff has also misrepresented his litigation history to the court on the form complaint in this action and prior actions he has filed. (Def.'s Mot. at 10-12 & Exs. A-FF.)

In two of plaintiff's previously-filed lawsuits, this court has refused to exercise its discretion to revoke plaintiff's IFP status on the grounds that he is an abusive filer. Most recently, District Judge Troy L. Nunley rejected the argument that the sheer volume of plaintiff's filings and the fact that he has yet to prevail in any civil action warrants revocation of his IFP

7

status.  See Bontemps v. Salinas, No. 2:12-cv-2185 TLN AC P, 2014 WL 2003697 at *1 n.2 (E.D. Cal. May 14, 2014).  Magistrate Judge Brennan has similarly refused to revoke plaintiff's IFP status and observed that, although the court has given plaintiff opportunities to amend his complaint and he has chosen not to do so in multiple cases, "[t]his is not grounds for revoking plaintiff's in forma pauperis application."  See Bontemps v. Sotak, No. 2:09-cv-2115 LKK EFB P, 2013 WL 178210 at *5 (E.D. Cal. Jan. 16, 2013), adopted by 2013 WL 632702 (E.D. Cal. Feb. 20, 2013).

     In this case, the undersigned finds that defendant's documentary evidence does not demonstrate that plaintiff is an "abusive filer."  Although plaintiff's prior case filing history indicates that he is litigious and has also often failed to amend his complaint and keep the court apprised of his current address during the pendency of his civil actions, based on the record in this case, the court cannot conclude that plaintiff has engaged in a pattern of litigation that is so "manifestly abusive" to warrant revocation of his IFP status.  Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir. 1990) (petitioner filed eleven mandamus petitions in sixteen months which contained the same unsuccessful arguments and "vague, rambling diatribes") (relying on In re McDonald, 489 U.S. 180 (1989) (order preventing petitioner from proceeding in forma pauperis when seeking an extraordinary writ after he had made seventy-three separate unsuccessful filings with the court since 1971, including four appeals, thirty-three petitions for certiorari, ninety-nine petitions for extraordinary writs, seven applications for stays and other injunctive relief, and ten petitions for rehearing)).  See also, e.g., In re Anderson, 511 U.S. 364, 365 (1994) (order preventing petitioner from proceeding in forma pauperis when seeking an extraordinary writ after he had filed twenty-two separate unsuccessful petitions and motions in past three years, including three petitions for certiorari, six motions for reconsideration, and thirteen petitions for extraordinary writs); In re Sindram, 498 U.S. 177, 177-78 (1991) (order preventing petitioner from proceeding in forma pauperis when seeking an extraordinary writ after he had filed forty-three separate unsuccessful petitions and motions in past three years, including twenty-one petitions for certiorari, sixteen petitions for rehearing, and two petitions for extraordinary writs); Lamon v. Junious, No. 1:09-cv-0484 AWI SAB (PC), 2014

WL 298327 at *6 (E.D. Cal. Jan. 27, 2014) (defendants failed to show plaintiff was an abusive filer warranting revocation of his IFP status).[4]

In sum, the defendant has not demonstrated that plaintiff accrued three strikes under 28 U.S.C. § 1915 prior to filing this action.  Nor has the defendant demonstrated that the court should exercise its discretion to revoke plaintiff's IFP status on the grounds that plaintiff is an abusive filer.  Accordingly, the undersigned will recommend that defendant Abbott's motion to revoke plaintiff's IFP status be denied and the defendant be directed to file a responsive pleading in this matter.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (Doc. No. 18) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's IFP status (Doc. No. 17) be denied; and

2. Defendant Abbott be directed to file a responsive pleading in this matter within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////

---

[4] With respect to plaintiff misrepresenting to the court the number of prior lawsuits he has brought as a prisoner by indicating on his form complaint that he has only brought one other such lawsuit, the court strongly cautions plaintiff that if he intentionally misleads the court in the future he is likely to be sanctioned.  See E.D. Cal. Local Rule 110 (failure to comply with the Local Rules or any order of the court may be grounds for imposition of any and all sanctions authorized by statute, Local Rule, or within the inherent power of the court).

9

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2014

*/s/ Dale A. Drozd*

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bont2249.57ifp