1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY C. BONTEMPS,                     No.  2:12-cv-2249 TLN DAD P

12              Plaintiff,

13        v.                                  ORDER

14   RON BARNES et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Abbott's motion to compel.

19   Plaintiff has not filed an opposition to the motion.[1]

20                              **BACKGROUND**

21        Plaintiff is proceeding on his original complaint in this action.  Therein, plaintiff alleges

22   that he was outside the chow hall when he told defendant Abbott that he needed to go get his

23   medication.  Defendant Abbott then started violently searching plaintiff.  During the search,

24   defendant Abbott pushed and shoved plaintiff, kicked plaintiff's leg, which was in an air cast, and

---

[1]   As this court previously advised plaintiff, he is required to respond or state in writing his lack
of opposition to all motions filed by defendants in this action.  Plaintiff is cautioned that his
failure to timely oppose these motions may be deemed a waiver of opposition to them.  See L.R.
230(l).  Failure to oppose or affirmatively state his non-opposition to defense motions may also
result in a recommendation that this action be dismissed due to plaintiff's failure to prosecute the
action.

1   groped and squeezed plaintiff's genitals.  Defendant Abbott also told plaintiff that he was

2   conducting the search due to the paperwork that plaintiff had filed against the defendant's fellow

3   correctional officers.  At screening, the court found that plaintiff's complaint appeared to state a

4   cognizable claim for excessive use of force and retaliation against defendant Abbott.  (Doc. Nos.

5   1 & 8.)

6                          **APPLICABLE LEGAL STANDARDS**

7          Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

8   regarding any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.

9   P. 26(b).  "Relevant information need not be admissible at trial if the discovery appears

10  reasonably calculated to lead to the discovery of admissible evidence."  Id.

11         With respect to requests for production, a party may propound requests for production of

12  documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P.

13  34(a).  With respect to interrogatories, a party may propound interrogatories related to any matter

14  that may be inquired into under Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 33(a)(2).

15         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

16  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

17  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

18  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

19  'broad discretion to manage discovery and to control the course of litigation under Federal Rule

20  of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

21  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

22                          **DEFENDANT'S MOTION TO COMPEL**

23         Defendant Abbott has moved to compel plaintiff's responses to Defendant's Requests for

24  Production, Set One, and Defendant's Interrogatories, Set One.  According to defense counsel,

25  defendant Abbott served plaintiff with the discovery requests on December 23, 2014, making

26  plaintiff's responses due February 9, 2015.  Plaintiff has not responded to any of the discovery

27  requests.  Defense counsel inquired about the discovery requests during plaintiff's deposition, and

28  plaintiff acknowledged he had received them but had not responded to them.  Defendant Abbott

2

1   now seeks an order compelling plaintiff to respond to the discovery requests as well as attorney's

2   fees associated with filing the pending motion to compel and a stay of this case until plaintiff

3   complies with any court order.  (Def.'s Mot. to Compel at 3-5 & Exs. A & B.)  As noted above,

4   plaintiff has not opposed or otherwise responded to defendant's motion.

5        Based on the record in this case, the court will grant defendant's motion to compel

6   plaintiff's responses to Defendant's Requests for Production, Set One, and Defendant's

7   Interrogatories, Set One.  With respect to defendant's requests for production of documents, if

8   plaintiff has any relevant documents or materials in his possession or control, he must produce

9   them in response to defendant's discovery requests.  If plaintiff is not in possession or control of

10  relevant materials, he must state under oath that the requested documents do not exist or are not in

11  his possession or control.  See Fed. R. Civ. P. 34(a)(1).  With respect to the interrogatories posed

12  by defendants, plaintiff must answer each interrogatory "separately and fully in writing under

13  oath."  Fed. R. Civ. P. 33(b)(3).  Plaintiff is cautioned that "[t]he discovery process is subject to

14  the overriding limitation of good faith obligation."  Asea v. Southern Pacific Transportation Co.,

15  669 F.2d 1242, 1247 (9th Cir. 1981).

16       Turning now to defendant's request for the award of monetary sanctions against plaintiff,

17  under Rule 37(d) of the Federal Rules of Civil Procedure, the court has broad discretion to order

18  sanctions if a party fails to serve answers, objections, or written responses to properly served

19  discovery requests.  See Fed. R. Civ. P. 37(d).  The court finds that defendant's request for

20  monetary sanctions is premature.  Plaintiff is an inmate proceeding pro se and in forma pauperis.

21  Although plaintiff's inability to pay should not be the only reason for the court's denial of

22  monetary sanctions, it is a factor that may be considered.  See Warren v. Guelker, 29 F.3d 1386,

23  1390 (9th Cir. 1994).  As such, the court will deny defendant's request for the imposition of

24  sanctions without prejudice to the renewal of that request should plaintiff fail to comply with this

25  court's order.

26       Finally, as to defendant's request for a stay, the court declines to enter a stay of this action

27  at this time.  If defense counsel finds that additional time is needed to file a dispositive motion

28  because of plaintiff's failure to timely respond to defendant's discovery requests, counsel may

1    request a modification to the scheduling order at a later date.  Under the current scheduling order

2    governing this action, dispositive motions are not due for filing until May 22, 2015.

3         Accordingly, the court will grant defendants' motion to compel but deny defendant's

4    request for monetary sanctions without prejudice and defendant's request for a stay of this action.

5                                    **CONCLUSION**

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.  Defendant's motion to compel plaintiff's responses to Defendant's Requests for

8    Production, Set One, and Defendant's Interrogatories, Set One (Doc. No. 29) is granted;

9         2.  Within twenty-one days of the date of service of this order, plaintiff shall serve on

10   defense counsel his responses to Defendant's Requests for Production, Set One, and Defendant's

11   Interrogatories, Set One;

12        3.  Defendant's request for sanctions (Doc. No. 29) is denied without prejudice; and

13        4.  Defendant's request for a stay of this action (Doc. No. 29) is denied.

14   Dated:  April 8, 2015

15

16   _____

17   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

     DAD:9
     bont2249.mtc

18

19

20

21

22

23

24

25

26

27

28

                                          4