UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:12-cv-2249 TLN CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| RON BARNES et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Abbott's second motion to compel and defendant Abbott's motion to modify the scheduling order in this case. Plaintiff has not filed an opposition to either motion.[1]

**BACKGROUND**

Plaintiff is proceeding on his original complaint in this action. Therein, plaintiff alleges that he was outside the chow hall when he told defendant Abbott that he needed to go get his medication. Defendant Abbott then started violently searching plaintiff. During the search,

---

[1] As this court previously advised plaintiff, he is required to respond or state in writing his lack of opposition to all motions defendant Abbott files in this action. The court cautions plaintiff that it may deem his failure to timely oppose defendant's motions as a waiver of opposition to these motions. See E.D. Cal. Local Rule 230(l). The court may also recommend dismissal of this action based on plaintiff's failure to prosecute if he repeatedly fails to comply with this court's orders to oppose or affirmatively state his non-opposition to defendant's motions.

1  defendant Abbott pushed and shoved plaintiff, kicked plaintiff's leg, which was in an air cast, and
2  groped and squeezed plaintiff's genitals.  Defendant Abbott also told plaintiff that he was
3  conducting the search due to the paperwork that plaintiff had filed against the defendant's fellow
4  correctional officers.  At screening, the court found that plaintiff's complaint appeared to state a
5  cognizable claim for excessive use of force and retaliation against defendant Abbott.  (Doc. Nos.
6  1 & 8.)

7       On April 9, 2015, then-Magistrate Judge Dale A. Drozd granted defendant Abbott's first
8  motion to compel.  Specifically, Judge Drozd found that plaintiff had not responded at all to
9  Defendant's Interrogatories, Set One, or Defendant's Requests for Production, Set One.  Judge
10 Drozd ordered plaintiff to serve defense counsel with his responses to defendant's discovery
11 requests within twenty-one days.  Judge Drozd declined to order sanctions against plaintiff at that
12 time.  Judge Drozd also advised defense counsel that if counsel needed additional time to file a
13 dispositive motion on behalf of defendant Abbott because of plaintiff's failure to respond to
14 defendant's discovery requests, counsel could file a request to modify the scheduling order in this
15 case.  (Doc. No. 30.)

16 **DEFENDANT'S MOTION TO COMPEL**

17      In defendant Abbott's pending motion to compel, defense counsel argues that plaintiff
18 failed to respond to each of defendant's interrogatories separately and fully, and he failed to
19 respond to each of defendant's requests for production of documents sufficiently.  (Def.'s Mot. to
20 Compel Mem. P. & A. at 3-7.)  After reviewing plaintiff's responses to defendant's discovery
21 requests,[2] the court finds defense counsel's argument persuasive and will order plaintiff to serve
22 defense counsel with further responses to defendant Abbott's discovery requests.
23      First, the court will address plaintiff's responses to defendant's interrogatories.  Under
24 Federal Rule of Civil Procedure 33, a party may propound interrogatories related to any matter

---

[2] Copies of plaintiff's responses to defendant Abbott's Interrogatories, Set One, and Requests for Production of Documents, Set One, are attached to defendant's motion to compel as Exhibits A and B.  (Doc. No. 33.)  Copies of defendant Abbott's Interrogatories, Set One, and Requests for Production of Documents, Set One, are attached to the defendant's first motion to compel as Exhibits A and B.  (Doc. No. 29.)

1    that the party may inquire into under Federal Rule of Civil Procedure 26(b).  See Fed. R. Civ. P.
2    33(a)(2).  Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding
3    any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).
4    The responding party must answer each interrogatory "separately and fully in writing under
5    oath."  Fed. R. Civ. P. 33(b)(3).

6         As defense counsel contends, most of defendant's interrogatories at issue ask plaintiff to
7    state facts that support his claims or describe his injuries or the medical treatment he sought for
8    his injuries.  Plaintiff's responses to these interrogatories are incomplete, nonresponsive, and/or
9    nonsensical.  For example, Interrogatory No. 3 asked plaintiff to state all facts that support his
10   claims that the defendant violated his constitutional rights.  In response to this interrogatory,
11   plaintiff stated "C/O Abbott searched me in a violent manner causing injuries to my back and
12   right foot, as he searched me he groped my penis."  Plaintiff's bare-bones response does not
13   provide any facts to describe the circumstances surrounding the search or how the search resulted
14   in his alleged injuries.  Nor does plaintiff's response state any material facts in support of his
15   retaliation claim.  By way of another example, Interrogatory 8 asked plaintiff to describe the
16   medical treatment he has received for his alleged injuries.  Plaintiff responded "all medical staff
17   at HDSP."  Without more, plaintiff's response is insufficient.  The court may order a party to
18   provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R.
19   Civ. P. 37(a)(4).  In this case, the court finds that defendant Abbott is entitled to discover the kind
20   of information he seeks with respect to the interrogatories at issue.  Accordingly, the court will
21   order plaintiff to serve further responses to Defendants' Interrogatories, Set One, Nos. 1-5, 7-9,
22   and 12-17.

23        The court now turns to plaintiff's responses to defendant's requests for production of
24   documents.  Under Federal Rule of Civil Procedure 34, a party may propound requests for
25   production of documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed.
26   R. Civ. P. 34(a).  If plaintiff has relevant documents or materials in his possession or control, he
27   must produce them in response to defendant's discovery requests.  Under Rule 34, "[c]ontrol is
28   defined as the legal right to obtain documents upon demand."  U.S. v. International Union of

Petroleum and Industrial Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989). If plaintiff is not in possession or control of relevant materials, he must state under oath that the requested documents do not exist or are not in his possession or control. See Fed. R. Civ. P. 34(a)(1).

As defense counsel contends, plaintiff has not objected to defendant's seven requests for production of documents at issue. Nor has plaintiff produced a single document. Instead, plaintiff responds that any responsive documents are in the possession of the court, an appeals coordinator at the prison, or the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff's responses to defendants' requests for production of documents do not comply with Rule 34. Specifically, plaintiff appears to acknowledge the existence of documents responsive to defendant's requests, but he has not produced a single document or stated under oath that the requested documents are not in his possession or control. There is no indication that plaintiff has or would encounter obstacles if he requested to review and copy documents from his central and medical files through the procedures available at his institution. See Cal. Code Regs. tit. 15, § 3370(c) ("Inmates or parolees may review their own case records file and unit health records…."). There is also no indication that the documents defendant Abbott seeks, particularly plaintiff's medical records, are equally available to the defendant. Nor has plaintiff provided defense counsel with written authorization to obtain copies of the documents the defendant seeks. As noted above, the court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). In this case, the court finds that defendant Abbott is entitled to discover the kind of information he seeks with respect to the requests for production of documents at issue. Accordingly, the court will order plaintiff to serve further responses to Defendants' Requests for Production of Documents Nos. 1-7.

Finally, in the pending motion to compel, defense counsel requests an award of monetary sanctions against plaintiff. Under Rule 37(d) of the Federal Rules of Civil Procedure, the court has broad discretion to order sanctions if a party fails to serve answers, objections, or written responses to properly served discovery requests. See Fed. R. Civ. P. 37(d). A court must order a party to pay the moving party's reasonable expenses for bringing a successful motion to compel, unless "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(iii). In

1  this case, plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He did not ignore
2  or completely fail to respond to defendant's discovery requests pursuant to this court's prior
3  order.  In this regard, the court is unpersuaded that plaintiff has acted in bad faith and/or intended
4  his responses to defendant's discovery requests to be non-responsive.  Under these circumstances,
5  an award of the requested $1,020.00 in attorney's fees would be unjust.  See Warren v. Guelker,
6  29 F.3d 1386, 1390 (9th Cir. 1994) (although plaintiff's inability to pay should not be the only
7  reason for the court's denial of monetary sanctions, it is a factor that may be considered).  The
8  court cautions plaintiff, however, that if he fails to provide defense counsel with further responses
9  to defendant Abbott's discovery requests as this court orders, the court will entertain a renewed
10 motion to compel with a request for an award of expenses and/or a motion to dismiss this action
11 based on plaintiff's failure to prosecute.  The court also reminds plaintiff that "[t]he discovery
12 process is subject to the overriding limitation of good faith obligation." Asea v. Southern Pacific
13 Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981).
14       In sum, the court will grant defendant Abbott's motion to compel but deny defendant's
15 request for monetary sanctions without prejudice.

16                    **DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**
17       Defendant Abbott has filed a motion to modify the scheduling order in this case and
18 requests a reasonable amount of time to file a dispositive motion after this court rules on the
19 pending motion to compel.  Good cause appearing, the court will grant defendant Abbott's
20 motion and will order defense counsel to file any dispositive motion within sixty days of the date
21 of this order.  If counsel needs additional time to file a dispositive motion, counsel may file a new
22 request for an extension of time.

23                                          **CONCLUSION**
24       Accordingly, IT IS HEREBY ORDERED that:
25       1. Defendant's motion to compel (Doc. No. 33) is granted;
26       2. Within twenty-one days of the date of service of this order, plaintiff shall serve on
27 defense counsel further responses to Defendant's Interrogatories, Set One, Nos. 1-5, 7-9, and 12-
28 17, and Defendant's Requests for Production, Set One, Nos. 1-7;

3. Defendant's request for sanctions (Doc. No. 33) is denied without prejudice;

4. Defendant's motion to modify the scheduling order in this case (Doc. No. 34) is granted; and

5. Defendant shall file any dispositive motion in this case within sixty days of the date of this order.

Dated:  November 24, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
bont2249.mtc(2)