1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY C. BONTEMPS,                    No.  2:12-cv-2249 TLN CKD P (TEMP)

12              Plaintiff,

13         v.

14   RON BARNES et al.,                      FINDINGS AND RECOMMENDATIONS

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action brought pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Abbott's

19   motion to compel and request for monetary or terminating sanctions.

20        For the reasons discussed herein, the court will recommend granting defendant's request

21   for terminating sanctions pursuant to Federal Rule of Civil Procedure 41(b).

22                                **BACKGROUND**

23        Plaintiff is proceeding on his original complaint in this action against defendant Abbott on

24   claims for excessive use of force and retaliation.  (ECF Nos. 1 & 8)  On November 12, 2014, the

25   court issued a discovery and scheduling order in this case that clearly laid out when the parties

26   could serve discovery requests and when the parties needed to respond to discovery requests.

27   (ECF No. 28)  Plaintiff has ignored this court's discovery and scheduling order as well as this

28   court's more recent orders granting defendant Abbott's motions to compel.

                                        1

1          Specifically, on February 25, 2015, defendant Abbott filed his first motion to compel,

2    which plaintiff failed to oppose.  (ECF No. 29)  On April 9, 2015, then-Magistrate Judge Dale A.

3    Drozd granted defendant Abbott's motion.  (Id.)  Judge Drozd found that plaintiff had not

4    responded at all to Defendant's Interrogatories, Set One, or Defendant's Requests for Production,

5    Set One.  (ECF No. 30)  Judge Drozd ordered plaintiff to serve defense counsel with his

6    responses to defendant's discovery requests within twenty-one days.  (Id.)  Judge Drozd also

7    cautioned plaintiff that his failure to timely oppose motions to compel or other motions brought

8    by defendant Abbott could result in a recommendation for dismissal of this action based on

9    plaintiff's failure to prosecute the case.  (Id.)

10          On May 21, 2015, defendant Abbott filed a second motion to compel, which again

11   plaintiff failed to oppose.  (ECF No. 33)  The undersigned reviewed plaintiff's responses to

12   defendant's interrogatories and found that they were incomplete, nonresponsive, and/or

13   nonsensical.  (Id.)  The court ordered plaintiff to serve further responses to Defendants'

14   Interrogatories, Set One, Nos. 1-5, 7-9, and 12-17, within twenty-one days.  (Id.)  The court also

15   found that plaintiff had not adequately responded to defendant's seven requests for production of

16   documents.  (Id.)  Plaintiff had neither objected to defendant's requests nor produced a single

17   document even though he appeared to acknowledge the existence of documents responsive to the

18   defendant's requests.  (Id.)  The court ordered plaintiff to serve further responses to Defendants'

19   Requests for Production of Documents Nos. 1-7, within twenty-one days.  (Id.)

20          The court also warned plaintiff once more that he was required to respond or state in

21   writing his lack of opposition to defendant Abbott's motions and that his repeated failure to

22   comply with this court's orders to oppose or affirmatively state his non-opposition to defendant's

23   motions could result in a recommendation for dismissal of this action based on plaintiff's failure

24   to prosecute the case.  (Id.)  Finally, the court denied defendant's request for an award of

25   monetary sanctions against plaintiff, but the court cautioned plaintiff that if he failed to provide

26   defense counsel with further responses to defendant Abbott's discovery requests as this court

27   ordered, the court would entertain a renewed motion to compel with a request for an award of

28   expenses and/or a motion to dismiss this action based on plaintiff's failure to prosecute.  (Id.)

2

1    On January 22, 2016, defense counsel filed a third motion to compel, which once again

2    plaintiff has failed to oppose.  (ECF No. 38)  In the pending motion, defense counsel contends

3    that plaintiff has not supplemented his interrogatory responses or produced any documents in

4    response to defendant's discovery requests.  (Id.)  Instead, plaintiff has instructed defense counsel

5    to petition the California Department of Corrections and Rehabilitation and/or this court for the

6    documents.  (Id.)  Defense counsel argues that the court should compel plaintiff to properly

7    respond to defendant's discovery requests and impose monetary sanctions on him, or

8    alternatively, the court should dismiss this action.  (Id.)

9    **DISCUSSION**

10   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

11   action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

12   1260 (9th Cir. 1992).  In Ferdik, the United States Court of Appeals for the Ninth Circuit held that

13   a district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action

14   for failing to file an amended complaint.  The court explained that, in deciding whether to dismiss

15   a case for failure to comply with a court order, the district court must weigh five factors:

16   "(1) the public's interest in expeditious resolution of litigation; (2)
     the court's need to manage its docket; (3) the risk of prejudice to
17   the defendants; (4) the public policy favoring disposition of cases
     on their merits; and (5) the availability of less drastic alternatives."
18

19   Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th

20   Cir. 1986).

21   In this case, the first two factors as well as the fifth factor cited by the court in Ferdik

22   strongly support dismissal of this action.  This case has been pending before the court since

23   August 30, 2012.  Although discovery in this case closed on February 27, 2015, this case has not

24   moved past the discovery stage for more than a year because of plaintiff's repeated failure to

25   respond to defendant's discovery requests in compliance with this court's prior orders.  This court

26   has twice ordered plaintiff to respond to defendant's discovery requests and has provided him

27   with guidance on how to do so.  This court has also twice warned plaintiff that he is required to

28   respond or state in writing his lack of opposition to all of defendant Abbott's motions and that his

3

1   repeated failure to comply with this court's orders to oppose or affirmatively state his non-

2   opposition to defendant's motions could result in a recommendation for dismissal of this action

3   based on plaintiff's failure to prosecute the case.  Inexplicably, plaintiff has once again failed to

4   respond to defendant Abbott's discovery requests and has failed to file any response to

5   defendant's pending motion to compel.

6          Plaintiff's refusal to participate fully in discovery and prosecute this action has made it

7   impossible for this court to adjudicate this civil action.  Plaintiff's repeated failure to comply with

8   court orders demonstrates that further time spent by the court on this case will consume scarce

9   judicial resources in addressing litigation which plaintiff has shown he has no intention to

10  diligently and properly pursue.  Under these circumstances, the court has no suitable less drastic

11  alternative but to recommend dismissal of this action.[1]

12         The third factor discussed in Ferdik, the risk of prejudice to defendant Abbott, also weighs

13  in favor of dismissal.  As this court previously advised plaintiff, defendant Abbott is entitled to

14  discover the kind of information he seeks with the interrogatories and requests for production of

15  documents at issue.  Plaintiff's failure to respond to defendant's discovery requests prevents the

16  defendant from addressing plaintiff's claims and unnecessarily delays resolution of this action

17  thereby forcing the defendant to incur additional time and expense.  See In re Eisen, 31 F.3d

18  1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to

19  prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of

20  actual prejudice to the defendant from the failure….  The law presumes injury from unreasonable

21  delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

22         Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs

23  against dismissal of this action.  However, for the reasons set forth above, the first, second, third,

24  and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors

25  outweigh the general public policy favoring disposition of cases on their merits.

26

27  [1] The pro se plaintiff is proceeding in forma pauperis and cannot pay a monetary sanction.  In
    addition, imposing the lesser sanctions suggested by Rule 37(b) would not be appropriate and/or
28  would be tantamount to a default judgment in defendant's favor.

4

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Defendant's request for terminating sanctions (Doc. No. 38) be granted; and

2.   This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

bont2249.57ftp

5